## THE STATE v. EDWARD F. C. YOUNG ET AL.

Argued February Term, 1903—Decided June 8, 1903.

1. A trial at the bar of the Supreme Court of an indictment removed from the Oyer and Terminer by *certiorari*, cannot be had upon motion of the defendant.
2. The Criminal Procedure act (*Pamph. L.* 1898, *pp.* 894, 895), authorizes struck juries and foreign juries, but does not authorize struck juries from a county other than that in which the indictment is found.

On motions for a trial at bar and for a struck jury.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the motions, *James B. Vredenburgh, George T. Werts* and *Richard V. Lindabury.*

*Contra, Chandler W. Riker.*

The opinion of the court was delivered by

SWAYZE, J. The defendants were indicted at the Essex Oyer and Terminer for manslaughter. The indictment has been removed by *certiorari* into this court. The defendants now move for a trial at the bar of this court and for a struck jury, to be selected from a county other than Essex.

We think we are without power, under existing statutes, to grant either motion.

The right to a trial at bar, as it originally existed, has been limited in this state by a statute passed in 1799, and now printed as section 229 of the Practice act. *Gen. Stat., p.* 2570. This section was originally section 3 of "An act relative to the Supreme and Circuit Courts." *Pat. L., p.* 393. It requires every issue joined in the Supreme Court, or any other court, and brought into the Supreme Court for trial, to be tried in the county where the lands are situate, "or the cause of action or offence hath arisen or been committed or shall arise or be committed, unless the Supreme Court, upon motion *in behalf of the state,* if the state be interested, or upon motion of either party in the action, shall think proper to order the trial to be at the bar of the said Supreme Court, which shall only be done when the matter or property in dispute shall be of the value of three thousand dollars."

The Supreme Court had, in 1799, as now, cognizance of criminal cases (see the ordinance of 1751, 1 *Halst., Appendix VI.*), and there can be no doubt that when the act of 1799 referred to an "offence" and required a trial in the county where it was "committed," it referred to criminal cases. In such cases the state is interested, and the motion for a trial at bar must be made in behalf of the state. It cannot be made by the defendants. It is not necessary now to decide whether the clause providing that the order for trial at bar shall be made only when the matter in dispute is of the value of $3,000 indicates a legislative intention to limit trials at bar to civil actions.

The motion for a trial at bar must therefore be denied.

The defendants also move for a struck jury from a county other than Essex. Sections 75 and 76 of the Criminal Procedure act (*Pamph. L.* 1898, *pp.* 894, 895) provide for struck juries. Sections 78 and 79 provide for foreign juries. By section 76, struck juries are required to be selected from the persons qualified to serve as jurors in and for the county in

which the indictment was found. This excludes the selection of a struck jury from another county. Section 79 requires that a foreign jury shall be selected in the same manner as the general panel of jurors is selected. This method is prescribed by the supplement to the act concerning juries. *Gen. Stat., p.* 1854, § 50. This statute imposes the duty of selecting the general panel of jurors upon the sheriff.

There may be, under the Criminal Procedure act, a jury selected by the court from the county in which the indictment is found, or there may be a jury selected by the sheriff from another county. There is no provision for a jury to be selected by the court from another county. Inasmuch as the motion made in this case is neither for the struck jury nor for the foreign jury authorized by the statute, but for a kind of jury for which there is no statutory authority, the motion must be denied.

Both motions are denied, with costs.